**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN MALOWNEY,

    Plaintiff,

v.                                                     CASE NO: 8:09-CV-1189-T-30TGW

BUSH/ROSS, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before this Court upon (1) the Motion to Dismiss of Defendants, Bush Ross, P.A. and H. Web Melton, III (Dkt. 8); (2) the Motion to Dismiss of Defendants, Bush Ross, P.A. and Steven Mezer (Dkt. 9); and (3) Defendant Bill Berthold's Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 16). This Court, having considered Defendants' motions, Plaintiff's response, and being otherwise advised in the premises, determines that the motion of Mezer and Bush Ross should be granted in part and denied in part, and the other motions should be granted.

## BACKGROUND

This case concerns actions surrounding attempts to collect overdue homeowners association assessments for two residential properties owned by Plaintiff John Malowney (hereinafter "Plaintiff"). Plaintiff owns a residence in each of the Heritage Pines and Regal Pines housing developments in Pasco County, Florida.

1

According to Plaintiff's complaint, on December 12, 2008, Plaintiff attempted to pay a required fee to the Heritage Pines Community Association (hereinafter "HPCA") in order to transfer clubhouse, golf course and gate pass privileges to his seasonal tenants at his Heritage Pines residence. HPCA general manager Bill Berthold (hereinafter "Berthold") "rudely turned away" Plaintiff because he was several months delinquent in paying HPCA clubhouse dues and Regal Pines yard assessments. Berthold told Plaintiff that his clubhouse privileges had been suspended for failure to pay the various assessments and dues, and that Plaintiff would have to pay these obligations before his tenants could get any privileges associated with the rental property, including a gate pass to enter the property.

Plaintiff complained to Berthold that he had not received notice that his privileges had been suspended for failure to pay the assessments. Plaintiff describes this interaction as "very ugly, intense, stressful and unlawful" and that the effect of "this unexpected debt collection action was to seriously embarrass both the plaintiff and his tenant." Plaintiff states he then paid $680 in overdue HPCA clubhouse assessments. He also states he paid the overdue Regal Pines yard assessments, though does not specify an amount.

Plaintiff asserts that the HPCA's decision to enforce the unpaid assessments against Plaintiff was discriminatory. He states that "to the best of Plaintiff's knowledge" no other owners or tenants in the development "has been subjected to this debt collection demand/confrontation." He states that other renters whose properties' assessments are in arrears have been permitted to use the development's clubhouse "without incident."

On December 17, 2008, Plaintiff's attorney Kurt Barch wrote a letter to the HPCA regarding Plaintiff being banned from using Heritage Pines' common areas, including the swimming pool and golf course, because of his failure to pay the assessments (Dkt. 1, Ex. 1). The letter states that Plaintiff did not receive the 14-day notice he believed he was entitled to under Fla. Stat. 720.305(2)(a), and requests documentation concerning this issue.

On December 30, 2008, H. Web Melton III (hereinafter "Melton"), an attorney with law firm Bush Ross, P.A. (hereinafter "Bush Ross"), the HPCA's general counsel, responded with a letter pointing to Fla. Stat. 720.305(2)(b) and provisions of Heritage Pines' governing documents allowing the HPCA to suspend Plaintiff's common area[1] privileges without notice if the suspension is due to an owner's failure to pay assessments (Dkt. 2, Ex. 2). Plaintiff alleges that when he later contacted Melton to request "the precise legal basis for his letter," Melton "got irate and hung up on the Plaintiff without an explanation."

On February 10, 2009, Steven Mezer, another attorney with Bush Ross, sent a letter to Plaintiff stating that the HPCA had placed a lien on Plaintiff's Heritage Pines property (Dkt. 1, Ex. 3). The Claim of Lien included with Mezer's letter totaled $1,589.11, including $705 in maintenance assessments, $125 in reserve assessments, and a $350 attorney's fee. Mezer's letter stated that the HPCA:

> "[H]ereby provides you notice of its intent to foreclose the enclosed lien and collect all unpaid assessments, interest, costs of collection, and reasonable attorney's fees.

---

[1] Heritage Pines' governing documents define "common area" to include the clubhouse and "related facilities and amenities" (Dkt. 10, at R. 46).

> ...
>
>> If this lien is not paid in full, by paying the amount specified above, within forty-five (45) days of the date of this letter, it is subject to foreclosure proceedings or an action for a civil judgment. You may avoid the additional expense of foreclosure litigation by paying the amount indicated above, plus interest, and subsequent assessments within said forty-five (45) day period."

On March 24, 2009, Mezer sent Plaintiff a separate letter stating that the Regal Pines Village Association had placed a lien on Plaintiff's Regal Pines residence (Dkt. 1, Ex. 4). The Claim of Lien included with Mezer's letter totaled $1,166.78, including $476 in maintenance assessments, $180 in reserve assessments and $350 in attorney's fees. Mezer's letter concerning the lien being subject to future litigation or civil judgment is identical to the language in the February 10, 2009 Heritage Pines letter cited *supra*.

Plaintiff filed this complaint against Mezer, Melton, Bush Ross and Berthold on June 25, 2009 (Dkt. 1).

Count I alleges violations of two sections of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"). *See* 15 U.S.C. §1692 *et seq*. Plaintiff alleges that all four defendants violated 15 U.S.C. §1692e(5) which forbids a "debt collector" from using any "false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt" and prohibits a debt collector from making a threat "to take any action that cannot legally be taken or that is not intended to be taken."

Plaintiff alleges that all four defendants violated this section "by making a threat to foreclose on the Plaintiff's property when in fact the Defendants had no authority from the

Board of Directors of the HPCA to foreclose nor did the Defendants intent [sic] to foreclose."

In Count I, Plaintiff also alleges that all four defendants violated 15 U.S.C. §1692f(1) which prohibits a debt collector from engaging in "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Plaintiff argues that all four defendants violated this section because (1) the demand for $350 in attorney's fees "is not reasonable" because Mezer's letters were merely form letters; and (2) the demand for an attorney's fee violates §1692f(1) because "[n]o judicial proceedings have been held therefore no attorney's fees have been earned (prevailing party rule)." Plaintiff argues that it is unlawful to demand attorney's fees incurred prior to and outside of litigation.

In Count II, Plaintiff alleges that all four defendants violated the Florida Consumer Collection Practices Act (hereinafter "FCCPA"). *See* Fla. Stat. 559.55 *et seq*. Specifically, Plaintiff alleges that the defendants violated Fla. Stat. 559.72(9) which states that "no person shall: ... (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

Plaintiff alleges that all four defendants violated the FCCPA through Mezer's letters concerning the potential for foreclosure. He asserts that the letters were deceiving because they would lead a consumer into believing that foreclosure action is imminent and that the consumer would have to pay excessive attorney's fees and costs. Plaintiff states that the four

5

defendants had no intention of foreclosing on Plaintiff's property because he owed only a small amount of money. Plaintiff also asserts that the four defendants were required to receive formal written permission from each homeowners association prior to sending a letter threatening to foreclose.

Plaintiff further alleges that the defendants used a "brutal and cruel debt collection technique" that was designed to "scare members of an elderly community (average age 73 years) into paying not only excessive attorney's fees but other unnecessary costs under the threat of losing their home [sic]." Plaintiff argues that many of the homes in Heritage Pines in foreclosure are being foreclosed on by lenders and not by the HPCA. Plaintiff states that this shows the HPCA's lack of intent to foreclose on Plaintiff's properties.

## **LEGAL STANDARD**

### **A.     Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all the inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 547 (2007). The threshold of sufficiency that the complaint must meet to survive a motion to dismiss is exceedingly low. *See Anacata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545.

A court considering a complaint submitted by a pro se plaintiff should hold the plaintiff to a less stringent standard than a complaint submitted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a pro se litigant is expected to at least abide by minimal pleading standards, so vague and conclusory allegations are not sufficient to state a claim. *See Richards v. Harder*, 864 F.2d 85, 87 (9th Cir. 1988); *see also Hales v. City of Montgomery*, 347 F. Supp. 2d 1167, 1171 (M.D. Ala. 2004).

**B.     Homeowners Association Assessments and Related Charges are debts under the FDCPA and the FCCPA**

1.     FDCPA

Though the Eleventh Circuit has not specifically acknowledged that homeowners or condominium association assessments are a "debt" under the FDCPA, other courts within the Eleventh Circuit have held that homeowners and condominium association assessments and analogous fees constitute debts under the statute. *Fuller v. Becker & Polikoff*, 192 F. Supp. 2d 1361 (M.D. Fla. 2002); *Williams v. Edelman,* 408 F. Supp. 2d 1261, 1266-68 (S.D. Fla.

7

2005); *Agan v. Katzman & Korr, P.A.*, No. 03-62145-CIV, 2004 WL 555257, at *1 (S.D. Fla. Mar. 16, 2004). Additionally, the Eleventh Circuit ruled in an FDCPA case where it treated delinquent homeowners association assessments as debts under the statute. *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011 (11th Cir. 2004).

Several other circuits have considered this question and similarly held that these kinds of assessments and analogous fees constitute a "debt" under the FDCPA. *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227 (3d Cir. 2005); *Ladick v. Van Gemert*, 146 F.3d 1205 (10th Cir. 1998); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997).

Because Plaintiff's assessments are debts under the FDCPA owed to the two homeowners associations involved in this action, this Court will treat the HPCA and Regal Pines Village Association as "creditors" and Plaintiff as a "debtor" under the FDCPA.

2. FCCPA

Florida's Fifth Court of Appeal ruled more than 10 years ago in *Bryan v. Clayton*, 698 So.2d 1236 (Fla. 5th DCA 1997), that maintenance assessments owed to a homeowners association are not a "debt" under the FCCPA. However, there is serious doubt that this remains good law. The *Bryan* Court's interpretation of the FCCPA partially relies on authority of earlier Federal District Court decisions that have been reversed or disapproved by later decisions. *Wright v. Bush Ross, P.A.*, No. 8:07-cv-1885-T-23MAP, 2008 WL 190466, at *2 (M.D. Fla. Jan. 18, 2008). Additionally, the FCCPA provides that in the event of any inconsistency between Florida's FCCPA and the federal FDCPA, the provision which is more protective of a debtor shall prevail. Fla. Stat. 559.552. Extending the FCCPA's

8

protections to people owing homeowners association assessments is more protective than excluding them from the protections, casting doubt on the viability of the *Bryan* decision as it applies to the FCCPA. *Agan*, 2004 WL 555257 at *1, n.1 (S.D. Fla. March 16, 2004).

## DISCUSSION

**A. Plaintiff has met his burden to plead a violation of 15 U.S.C. §1692e(5) against Steven Mezer**

A collection notice sent by a debt collector to a debtor violates 15 U.S.C. § 1692e(5) if (1) the debtor reasonably believes that the notice threatens legal action; and (2) the debt collector does not intend to take legal action. *U.S. v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 133 (4th Cir. 1996). A creditor must have a "particularized intention to sue a particular debtor" in order to avoid running afoul of the statute. *Id*. at 138. Proof of a lack of intent is a per se violation of this subsection. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

Plaintiff's allegations must be taken as true that both Heritage Pines' and Regal Village's homeowners associations had no intention of foreclosing at the time Mezer sent the two letters stating that Plaintiff's properties were subject to foreclosure if he did not pay his overdue assessments.[2] Plaintiff has met his burden to plead a violation of 15 U.S.C. §1692e(5). For this reason, this Court denies the portion of Mezer's motion seeking dismissal of the part of Court I alleging violation of 15 U.S.C. §1692e(5).

---

[2] Plaintiff's allegations are sufficient to deem Mezer a "debt collector" under the statute, which defines the term as "any person who ... regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

9

However, Plaintiff is put on notice that these allegations must be made in good faith in accordance with Rule 11 of the Federal Rules of Civil Procedure. If Plaintiff is found to violate Rule 11, he could be subject to sanctions and fines in addition to amounts that may be owed to the two homeowners associations. Furthermore, this Court notes that it cannot find any case law or statutes supporting Plaintiff's assertion that a debt collector must secure the written permission of a homeowners association before sending a notice to a debtor demanding payment of an overdue debt.

**B.     Plaintiff has not met his burden to plead a violation of 15 U.S.C. §1692f(1) against Steven Mezer**

It is a violation of the FDCPA to collect a fee that is not allowed by law or expressly authorized by the agreement creating the debt. 15 U.S.C. §1692f(1). A claim that a demand for an attorney's fee violates 15 U.S.C. §1692f(1) will fail when state law authorizes recovery of attorney's fees. *Robey v. Shapiro, Marioanos & Cejda, L.L.C.*, 434 F.3d 1208, 1213 (10th Cir. 2006), *referencing Robey v. Shapiro, Marioanos & Cejda, L.L.C.*, 340 F. Supp. 2d 1062, 1064-65 (N.D. Okla. 2004). Florida law states that a lien on an owner's property secures unpaid homeowners association assessments, as well as "reasonable costs and attorney's fees incurred by the association incident to the collection process." Fla. Stat. 720.3085(1)(a). Additionally, Heritage Pines' and Regal Pines' governing documents, the agreements creating Plaintiff's debts, both expressly state that all assessments are secured by a continuing lien on each lot or parcel, as well as the costs of collection, including reasonable attorney's fees (Dkt. 10, at R. 10, Sec. 9; Dkt. 11, at R. 7, Sec. 11). No rule

10

restricts attorney's fees to only situations where an attorney has actually filed suit. Additionally, $350 is not an unreasonable attorney's fee for consultation with a client, opening a file, and preparing a letter.

Because Florida law and both of the homeowners associations' governing documents authorize attorney's fees when collecting unpaid assessments, Mezer was legally authorized to include a charge for attorney's fees in the amount requested under 15 U.S.C. §1692f(1). Because this reasonable charge is authorized by state law and by Heritage Pines' and Regal Villages' governing documents, Plaintiff has failed to state a claim as a matter of law.

For these reasons, this Court grants the portion of Mezer's motion seeking dismissal of the part of Count I alleging violation of 15 U.S. §1692f(1) against Mezer and Bush Ross.

## C. Plaintiff has not met his burden to a plead violation of the FCCPA against Steven Mezer

A person violates Fla. Stat. 559.72(9) when he claims, attempts or threatens to enforce a debt or legal right that is known to not exist. *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000). The statute relies on the legal status of the debt. *Id*. As discussed *supra*, Florida law and the governing documents of both homeowners associations permit the collection of unpaid assessments, as well as attorney's fees and other costs associated with collection, by placing a lien on the property. Unlike the FDCPA, this section of the FCCPA does not address a person asserting a debt or other legal right that he does not intend to pursue.

11

Plaintiff does not contest the validity of the assessments that both homeowners associations assert are in arrears, and nothing in the pleadings indicate to this Court that the validity of the debts are in dispute. Because Mezer was trying to enforce a legally enforceable debt, his letters do not violate this section of the FCCPA. Plaintiff has failed to state a claim as a matter of law.

For this reason, this Court grants the portion of Mezer's motion seeking dismissal of Count II against Mezer and Bush Ross.

**D.      Plaintiff has not met his burden to plead violations of the FDCPA or the FCCPA against H. Web Melton, III**

   1.   FDCPA

As discussed *supra*, a debt collector violates 15 U.S.C. §1692e(5) when (1) a debtor reasonably believes that a collection notice threatens legal action; and (2) the debt collector does not intend to take legal action. *Nat'l Fin. Serv.*, 98 F.3d at 133. A debt collector violates 15 U.S.C. §1692f(1) when he collects a fee that is not authorized by state law or the agreement creating the debt. *Robey*, 434 F.3d 1208.

Plaintiff has not alleged that Melton falsely threatened to foreclose on Plaintiff's properties in violation of §1692e(5). Melton's December 30, 2008 letter was in response to a December 17, 2008 letter from Plaintiff's attorney, Kurt Barch. Barch's letter to the HPCA concerned the suspension of Plaintiff's common area privileges because he failed to pay HPCA assessments. The letter inquired about Plaintiff not receiving notice before the suspension of those privileges. In response, Melton's letter pointed to Article VI, §1(c) of the

HPCA's Master Declaration of Covenants that allows the HPCA to suspend Plaintiff's privileges, as well Fla. Stat. §720.305(2)(b) which excludes a notice requirement when the suspension results from an owner failing to pay assessments (Dkt. 1, Ex. 2).

Plaintiff does not allege that Melton threatened to foreclose on Plaintiff's property, or to take any other legal action. Plaintiff has not alleged that Melton attempted to collect a debt from Plaintiff. According to Plaintiff's pleadings, Melton's connection to the situation was a request for notice Plaintiff believed he was entitled to prior to the suspension of his common area privileges.

Plaintiff has also not alleged that Melton collected or attempted to collect an unauthorized fee or expense in violation of §1692f(1). As discussed *supra*, the communications between Plaintiff and Melton do not mention any attorney's fees or any other fee or expense. The communications concerned only Plaintiff's common area privileges. Plaintiff has failed to state a claim as a matter of law.

For these reasons, this Court grants Melton's motion seeking dismissal of Count I against Melton and Bush Ross.

2. FCCPA

As discussed *supra*, a person violates Fla. Stat. 559.72(9) when he claims, attempts or threatens to enforce a debt that the person knows does not exist. *Kaplan*, 88 F. Supp. 2d at 1363.

Plaintiff has not alleged that his communications with Melton involved a threat of legal action, including foreclosure or the threat of foreclosure. Plaintiff has only alleged that

their communications concerned the suspension of Plaintiff's common area privileges for failure to pay assessments. Plaintiff has not alleged that Melton coerced him into paying a debt. Plaintiff has failed to state a claim as a matter of law.

Even had Plaintiff alleged that Melton threatened legal action to collect Plaintiff's debts, it would still be insufficient to state a violation of the FCCPA because Plaintiff's unpaid assessments are legitimate debts that the HPCA and Regal Pine Village Association were legally entitled to try to collect.

For these reasons, this Court grants Melton's motion seeking dismissal of Count II against Melton and Bush Ross.

**E.    Plaintiff is not entitled to a default judgment against Bill Berthold, nor has Plaintiff met his burden to plead violations of the FDCPA or the FCCPA against Bill Berthold**

1.    Default Judgment

Berthold filed his response to this action on July 30, 2009 (Dkt. 16), which was more than 20 days after he was served with the complaint on June 29, 2009 (Dkt. 7), in violation of Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. In order to obtain a default judgment against a defendant who fails to file a response within 20 days, a plaintiff must follow a two-step process mandated by Rule 55 of the Federal Rules of Civil Procedure. First, Plaintiff must notify the court that the opposing party has failed to respond to the complaint by requesting that the clerk enter a default on the docket. Fed. R. Civ. P. 55(a); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Second, following the clerk's entry of default, the party entitled to a judgment must apply to the court for the judgment. Fed. R.

Civ. P. 55(b)(2); *see also Meehan*, 652 F.2d at 276.

In this case, Plaintiff filed a motion requesting that this Court enter a default judgment against Berthold on August 4, 2009 (Dkt. 18), five days after Berthold's July 30, 2009 response. Plaintiff failed to take the necessary steps to secure a default judgment before Berthold filed his response.

For this reason, Plaintiff is not entitled to a default judgment against Berthold.

2. FDCPA

As discussed *supra*, a debt collector violates 15 U.S.C. §1692e(5) when (1) a debtor reasonably believes that a collection notice threatens legal action; and (2) the debt collector does not intend to take legal action. *Nat'l Fin. Serv.*, 98 F.3d at 133. A debt collector violates 15 U.S.C. §1692f(1) when he collects a fee that is not authorized by state law or the agreement creating the debt. *Robey*, 434 F.3d 1208.

Plaintiff has not alleged that Berthold threatened legal action, much less threatened a legal action he did not intend to take. According to Plaintiff's allegations, Berthold had a discussion with Plaintiff about his failure to pay overdue assessments. Plaintiff has not alleged that Berthold threatened foreclosure or other legal action, and thus has not alleged an action that violates §1692e(5).

Plaintiff has also not alleged that Berthold collected or attempted to collect a fee not authorized by state law or the agreement creating the debt. Again, Plaintiff has only alleged that he and Berthold had a discussion regarding Plaintiff's unpaid homeowners association assessments. Plaintiff has not alleged action that violates §1692f(1), thus he has failed to state

15

a claim as a matter of law.

Furthermore, Berthold is not a "debt collector" under the FDCPA vis-à-vis actions he allegedly took on behalf of his employer, the HPCA. When defining who is a "debt collector" under the FDCPA and is prohibited from taking certain actions to collect a debt, the statute provides an exception for "any officer or employee of a creditor while, in the name of the creditor, collects debts for such creditor." 15 U.S.C. §1692a(6)(A). The employee exception of the FDCPA applies when the creditor itself is attempting to collect a debt owed to the creditor. *McCorriston v. L.W.T., Inc.*, No. 8:07-cv-160-T-27EAJ, 2008 WL 3243865, at *5 (M.D. Fla. Aug. 7, 2008). An employee of a creditor is not a "debt collector" under the statute, regardless of how often the employee collects or attempts to collect debts, as long as the employee acts in the name of the creditor. *Kempf v. Famous Barr Co.*, 676 F. Supp. 937, 938-39 (E.D. Mo. 1988).

For these reasons, this Court grants the portion of Berthold's motion seeking dismissal of Count I.

3. <u>FCCPA</u>

The Florida statute differs from the federal statute in that the former prohibits unlawful or unscrupulous debt collection practices by any person, and not simply practices committed by parties considered a "debt collector" as defined by Fla. Stat. 559.72. *Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809, 812 (Fla. 4th DCA 2002). Thus, even though Berthold is not a "debt collector" because he is an employee of a creditor who was attempting to collect debts for his employer, he could still be subject to the FCCPA.

But nowhere in Plaintiff's allegations does he assert that Berthold threatened foreclosure or any other legal action. The only allegation seemingly connecting Berthold to any discussion of foreclosure comes in paragraph 19 of the complaint where Plaintiff alleges that Berthold told him that the HPCA's policy was "to send an attorney letter with no intention of foreclosing on anybody" and that the HPCA did not intend to foreclose on any of the other homes in the development that were behind in paying their assessments (Dkt. 1, at R. 6). Plaintiff fails to allege any actions taken by Berthold that threatened foreclosure. Plaintiff has failed to state a claim as a matter of law.

Even if Plaintiff did allege that Berthold threatened foreclosure in order to collect Plaintiff's debts, it would still not constitute a violation of the FCCPA because Plaintiff's unpaid assessments are legitimate debts that the HPCA and Regal Pine Village Associations had a legal right to pursue.

For these reasons, this Court grants Berthold's motion seeking dismissal of Count II.

It is therefore ORDERED AND ADJUDGED that:

1. The Motion to Dismiss of Defendants, Bush Ross, P.A. and H. Web Melton, III, (Dkt. 8) is **GRANTED**;

2. The Motion to Dismiss of Defendants, Bush Ross, P.A. and Steven Mezer (Dkt. 9) is **GRANTED IN PART and DENIED IN PART**; and

3. Defendant Bill Berthold's Motion to Dismiss (Dkt. 16) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel/Parties of Record

F:\Docs\2009\09-cv-1189.mtd 8 9 16.wpd