**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN MALOWNEY,**

    **Plaintiff,**

**v.**	**Case No.  8:09-cv-1189-T-30TGW**

**BUSH/ROSS and STEPHEN METZER,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Buss/Ross and Steven Metzer's Motion for Summary Judgment (Dkt. 31) and Plaintiff's Response in Opposition (Dkt. 33).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

### Background

This case arises out of Defendants Bush/Ross and Stephen Metzer's attempts to collect certain debts on behalf of their clients Heritage Pines Community Association, Inc. ("Heritage Pines") and Regal Pines Village of Heritage Pines, Inc. ("Regal Pines").  Plaintiff John Malowney owns a residence in each of the Heritage Pines and Regal Pines housing developments in Pasco County, Florida.  It is undisputed that Malowney failed to pay his homeowners association assessments for both residences beginning September 2008.

According to Defendants, in November 2008, Heritage Pines and Regal Pines sent demand letters to Malowney notifying him that they would forward his file to their attorneys

for further action to recover the owed amount. Heritage Pines and Regal Pines then referred the matter to Defendants. The referral letter directed Defendants to file liens on Malowney's two properties. On January 8, 2009, Heritage Pines sent updated account information to Defendants so Defendants could assert the lien. And on February 9, 2009, Regal Pines did the same. Defendants followed Heritage Pines instructions and recorded liens on Malowney's Heritage Pines property on January 16, 2009.

Malowney alleges that around December 12, 2008, he had a conversation with Bill Berthold, a general manager of Heritage Pines, regarding Malowney's fear of foreclosure. Berthold allegedly told Malowney, "Don't worry about it. We just send an attorney letter but out policy is not to foreclose." Malowney affidavit, p. 2, ¶ 6.

On February 10, 2009, Defendants sent a notice of intent to foreclose to Malowney, which is required by Florida statute before foreclosure can occur. See Fla. Stat. § 720.3085. The notice stated, in part, that Heritage Pines:

> [H]ereby provides you notice of its intent to foreclose the enclosed lien and collect all unpaid assessments, interest, costs of collection, and reasonable attorney's fees.
> …
> If this [*5] lien is not paid in full, by paying the amount specified above, within forty-five (45) days of the date of this letter, it is subject to foreclosure proceedings or an action for a civil judgment. You may avoid the additional expense of foreclosure litigation by paying the amount indicated above, plus interest, and subsequent assessments within said forty-five (45) day period.

(Dkt. 1, Ex. 3). On March 24, 2009, Defendants sent Plaintiff a separate, almost identical notice stating that Regal Pines had placed a lien on Malowney's Regal Pines residence (Dkt.

1, Ex. 4). These notices were copied to Heritage Pines and Regal Pines and neither withdrew their instructions to proceed with collection of the unpaid assessments.

Despite these notices, Malowney still failed to pay the assessments. Defendants then emailed Heritage Pines and Regal Pines to request authority to file lien foreclosure complaints. Heritage Pines and Regal Pines replied with their assent. Defendants filed the foreclosure actions on behalf of Heritage Pines and Regal Pines in Pasco County court on July 20, 2009.

Five days later, Malowney filed this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. The original defendants moved to dismiss the complaint, which this Court granted in part. The only claim still before the Court is Defendants' alleged violations of §1692e(5) by threatening foreclosure without intent to foreclose on the two properties.

**Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action

will identify which facts are material. *Id.* Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Chelates*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a question for the fact finder. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

Defendants move for summary judgment on the remaining claim against them arguing that they only followed the directions of their clients to continue to pursue the collection of

the owed assessments. To establish a claim under the FDCPA, Malowney must show that (1) he is the object of a collection activity arising from a consumer debt, (2) Defendants are debt collectors as defined in the statute, and (3) Defendants have engaged in an act prohibited by the statute. *McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268, 1273 (M.D. Fla. 2008). There is no dispute that Malowney meets the first element and that Defendants are debt collectors under the act. The only issue is whether Defendants have violated some provision of the FDCPA.

Malowney alleges a violation of 15 U.S.C. §1692e(5), which prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. Plaintiff asserts Defendants violated this provision by sending the notices of intent to foreclose though Heritage Pines and Regal Pines allegedly had no intention to foreclose at that time.

In examining alleged violations of § 1692e(5), the Court only looks to the debt collector's intent to take the action threatened. *Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (*citing Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985)). Defendants contend that Heritage Pines and Regal Pines did intend to foreclose should Malowney fail to pay the assessments within the 45 days stated in the notices. In support of this assertion, Defendants submit the affidavit of Marcia Merle, a community association manager for Heritage Pines and Regal Pines. In the affidavit, Merle states that she turned Malowney's account over to Defendants for collection on December 24, 2008. She further states that she "made the referral with the full

understanding and intent that Bush Ross, P.A. would record a lien and thereafter file a foreclosure complaint against Mr. Malowney and [the two properties] if he continued not to pay his delinquent [] accounts."  (Dkt 31, Ex. A).

To counter Merle's affidavit, Malowney relies on the statement of Bill Berthold, general manager of Heritage Pines, that Heritage Pines had a policy not to foreclose, which was allegedly made two months before the first notice of intent to foreclose was sent.  Berthold's statement is insufficient to create an issue of fact.  Given Merle's affidavit stating that Heritage Pines and Regal Pines had the intent to foreclose, Berthold's single statement gives no indication of Heritage Pines or Regal Pines's intent at the time the notices of intent to foreclose were sent.

And Malowney does not even attempt to overcome the obvious fact that the foreclosures were filed on his properties within a reasonably short time following the expiration of the 45 days given in the notices.  This fact belies any notion that Heritage Pines or Regal had no intent to foreclose.

Moreover, the real issue is whether Defendants, the lawyer and law firm, intended to take the threatened action.  Only Heritage Pines and Regal Pines could form this intent.  The Defendants merely followed the instructions of their clients.  Defendants assert that neither Heritage Pines nor Regal Pines ever communicated to Defendants that their intent was anything other than pursuing all legal remedies, including foreclosure.  Malowney offers no evidence or argument to contradict this fact.  Therefore, there is no dispute whether Defendants had the intent to foreclose at the time the notices were sent to Malowney.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Bush/Ross and Steven Metzer's Motion for Summary Judgment (Dkt. 31) is **GRANTED**.

2. The Clerk is directed to enter Judgment in favor of Defendants Bush/Ross and Steven Metzer and against Plaintiff John Malowney.

3. The Clerk is directed to terminate any other motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 25, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1189.msj 31.frm